### KANE v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. May 5, 1904.)

1. TRIAL—INSTRUCTIONS—EVIDENCE.

Where, in a suit for personal injuries, the court instructed that plaintiff was entitled to recover compensation for the loss of earnings, but there was no proof in the record as to what were the loss of earnings, a judgment in his favor cannot be permitted to stand.

Appeal from City Court of New York, Trial Term.

Action by James Kane against the Metropolitan Street Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

Bayard H. Ames and F. Angelo Gaynor, for appellant.
William R. Adams, for respondent.

PER CURIAM. While there was sufficient evidence to justify submission of the question to the jury whether or not the defendant owned and operated the car which was responsible for the plaintiff's injury, there was error in the charge which we cannot overlook. The court charged that the plaintiff was entitled to recover compensation for the loss of earnings. There is no proof in the record as to what were the loss of earnings. Due exception was taken. Under the charge the jury was justified in including damages for the loss, but, as there was no possible basis on which the loss could be computed for any specified time, the judgment cannot be permitted to stand.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.